UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MORRIS FOWLER,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

                Defendant.

Case No. 3:17-cv-05206-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds the decision to deny benefits should be affirmed.

On November 24, 2013, plaintiff filed an application for SSI benefits, alleging he became disabled beginning July 30, 2013. Dkt. 10, Administrative Record (AR) 21. That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified as did a vocational expert. AR 43-73.

In a decision dated July 24, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that he was not disabled.

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 1

AR 21-37. Plaintiff's request for review was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on March 23, 2017. AR 1; Dkt. 3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred:

(1) in failing to find his headaches are a severe impairment;

(2) in failing to find any of his impairments met a listed impairment; and

(3) in assessing plaintiff's residual functional capacity.

For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore affirms the decision to deny benefits.

## I. STANDAND AND SCOPE OF REVIEW

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* No. 15-16477, slip op. at 7 (9th Cir. Oct. 26, 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill,* 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.,* 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence is more than a scintilla of evidence yet less than a preponderance of the evidence. *Id.*

If more than one rational interpretation can be drawn from the evidence, the ALJ's decision must be upheld. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir.

2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's decision. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely; the Court's scope of review is confined to the reasons identified by the ALJ. *Id.*

I.  The Plaintiff's Contention re: ALJ's Step Two Determination

The ALJ in this case found plaintiff had a number of severe impairments, but determined that plaintiff's headaches did not qualify as severe for purposes of step two. AR 23. Plaintiff argues the ALJ's failure to do so was error.

At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii); Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85- 28, 1985 WL 56856, at *3.

If the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work", then the abnormality is not severe for purposes of step two. SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff must prove that his or her impairments or symptoms affect his or her ability to execute basic work skills. *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Smolen*, 80 F.3d at 1290.

In this case the record does not show that plaintiff consistently experienced headaches during the relevant time period; nor does the record show any headache diagnosis; nor does the

record establish that he experienced headaches that resulted in any specific functional limitations. *See* AR 387, 392, 630. Therefore the Plaintiff, at most, has shown a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work" *Smolen v. Chater*, 80 F.3d at 1290. The record shows that the headache abnormality is not severe for purposes of step two, and the ALJ did not err regarding the step two criteria.

II.     The Plaintiff's Contention re: ALJ's Findings at Step Three

At step three the ALJ stated that Listing 1.00 (musculoskeletal system) was considered, but the evidence did not demonstrate plaintiff had the degree of difficulty in performing fine and gross movements defined in Listing 1.00B2c or the degree of difficulty in ambulating defined in Listing 1.00B2b. AR 24. Plaintiff asserts this was error, arguing specifically that the ALJ should have found his spinal condition met the criteria of Listing 1.04. Dkt. 13 at 7-8.

At step three of the five-step sequential process, the ALJ must evaluate the claimant's impairments to decide whether they meet or equal any of the impairments listed in 20 C.F. R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments medically meet or equal a listed impairment, he or she is deemed disabled. *Id.* The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. *Tacket*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *2 (the determination that is conducted at step three must be made on the basis of

medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248, at *2.

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).

Listing 1.04 provides:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

The Court agrees with defendants that the medical evidence in the record does not support a finding at step three that the plaintiff's condition medically meets or equals a listed

impairment, because there is insufficient evidence to show that the alleged impairment medically meets or equals the criteria of 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Specifically, the record fails to show the existence of nerve root compression (Listing 1.04A), spinal arachnoiditis (Listing 1.04B), or pseudoclaudication (Listing 1.04C), or pseudoclaudication resulting in an inability to ambulate. *See* AR 381-82, 389, 393-94, 406, 480, 515, 517, 523, 525, 529, 530-31, 534, 558-60, 630-32, 638-39, 641, 646-48, 653-54, 668, 672-73, 677-78, 684, 686, 690-91, 709, 713-14. As plaintiff has not established the evidentiary support necessary to meet the criteria of Listing 1.04A, 1.04B, or 1.04C, he ALJ did not err in deciding against the plaintiff here at step three.

III. <u>The ALJ's RFC Assessment</u>

The ALJ found plaintiff had the RFC to perform a modified range of light work. AR 25. Plaintiff argues the ALJ erred in assessing him with this RFC, because it does not fully account for all of his limitations – including headaches and his spinal conditions. Dkt. 13 at 8-9.

A claimant's Residual Functional Capacity (RFC) assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.* The ALJ does not make a medical determination in the RFC evaluation; instead, the ALJ reviews all relevant evidence, including medical information, lay witness testimony, pain that is reasonably attributable to the medical condition, and subjective symptoms. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882-885 (9th Cir. 2006). When evaluating the RFC, it is unnecessary for the ALJ to include medical evidence that the ALJ permissibly discounted. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Specifically, plaintiff asserts that a more appropriate RFC would allow for him to take more frequent breaks while suffering from a headache, and that the RFC does not allow for any additional restrictions based on his spinal conditions. But as discussed above, any impairment plaintiff may have related to his headaches has not been shown to cause any actual work-related limitations and therefore is not severe. In addition, plaintiff has not pointed to any specific medical or other evidence in the record to indicate greater functional limitations based on his spinal conditions is warranted. Accordingly, no error has been shown regarding the ALJ's RFC assessment.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 28th day of November, 2017.

Theresa L. Fricke
United States Magistrate Judge